IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRIMA CAPELLI SALON, INC.

    Plaintiff,

        v.                       **Case No.**

**PRIMA CAPELLI, LLC,**           **JURY TRIAL DEMANDED**
**SHERRY LAURENZA DAY,**
**individually**

    **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT
### (Injunctive Relief Sought)

Plaintiff, Prima Capelli Salon, Inc., by and through undersigned counsel, for its complaint against Defendant Prima Capelli, LLC and Sherry Laurenza Day ("DAY") and alleges the following:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement and cybersquatting relating to the Defendants' use of the trademarks "PRIMA CAPELLI" and a "PC" logo mark which are confusingly similar to Plaintiff's marks; and, based on Defendant DAY's use and registration of the primacapelli.com domain name.

## PARTIES

2.     Plaintiff Prima Capelli Salon, Inc. is a Pennsylvania corporation, registered on July 8, 2010, with a principal place of business at 1617 North Main St Ext, Suite B, Butler, PA 16001.

3.     Defendant Prima Capelli, LLC, is a Florida limited liability company, registered on July 9, 2015, with a principal place of business at 13442 Boyette Road, Riverview, FL 33569.[1]

4.     Upon information and belief, Defendant DAY is an individual residing at 12312 Kentbrook Manor Lane, Riverview, FL 33579.

## JURISDICTION

5.     As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a), 28 U.S.C. §1331 and under 28 U.S.C. §1338(a).

6.     This Court has personal jurisdiction over Defendants because: Defendants have committed and continue to commit acts of trademark infringement and unfair competition within the Middle District of Florida; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Florida and the Middle District of Florida; Defendants have sought protection and benefit from the laws of the State of Florida; Defendants regularly conduct business within the State of Florida and within the Middle District of Florida; and Defendants have committed torts in the State of Florida and in the Middle District of Florida .

---

[1] This address is from the Division of Corporations records, however, Defendant's hair salon appears to be located at 11681 Boyette Road, Riverview, FL 33569.

## VENUE

7.      Venue is proper in this District pursuant to the provisions of 28 U.S.C. § 1391 because Defendants' principal place of business is in Hillsborough County, Florida and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## TRADEMARKS-IN-SUIT

8.      Plaintiff is the owner of the text mark PRIMA CAPELLI mark as used with hair salon services.

9.      Plaintiff is also the owner of the "PC Logo" mark as used with hair salon services and as shown below:



10.      While often used independently, the PRIMA CAPELLI word mark and PC Logo mark (collectively, the "PRIMA CAPELLI Marks") are often used together as well:



11.     The PRIMA CAPELLI Marks have been in continuous and exclusive use by Plaintiff since at least October 20, 2010 when Plaintiff began offering its services to the public under both the text and logo marks.

12.     The PRIMA CAPELLI Marks are protected under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and have gained secondary meaning through the Plaintiff's extensive advertising and promotion of the marks for over five years.  As shown below, the multiple instances of actual confusion further show the protectability and distinctiveness of Plaintiff's marks.

13.     Other than Defendants' infringing PRIMA CAPELLI salon, Plaintiff is not aware of any other hair salon calling itself PRIMA CAPELLI or using the PC Logo mark.

### FACTUAL BACKGROUND

14.     Plaintiff began using the PRIMA CAPELLI Marks in 2010, opening its doors with six employees.

15.     Plaintiff has since grown to nineteen employees, and Plaintiff's customers have come from many different states, including Ohio, North Carolina, Virginia, Maryland, Texas, California, and Florida.

16.     Plaintiff enjoys repeat customers from Florida "snowbirds" who live in Florida during the winter months and return to Pennsylvania during the warmer months. In fact, many western-Pennsylvania residents choose Florida as their primary vacation and/or retirement destination.

17.     Plaintiff also provides hair salon services to the members of bridal parties, some of whom come from out of state.

18.     Plaintiff advertises its services under the PRIMA CAPELLI Marks via the Internet (including social media accounts on Instagram, Pinterest, Google+, Twitter, and Facebook), radio, and print.

19.     Plaintiff's Internet website is located at www.primacapellisalon.com; its Instagram account ID is "primacapellisalon" as found at https://instagram.com/primacapellisalon/; its Twitter account ID is "PrimaCapelli" as found at https://twitter.com/PrimaCapelli; its Facebook account is "Prima Capelli Salon" as found at https://www.facebook.com/Prima-Capelli-Salon-138946449490716/; and its Google+ account ID is "Prima Capelli Salon Inc" as found at https://plus.google.com/104285568598107582257/about.     All of these social media accounts were created and in use well-prior to July 9, 2015.

20.     Plaintiff's employees have attended trade shows and represented the PRIMA CAPELLI brand in locations such as Baltimore, Maryland, Columbus, Ohio, Las Vegas, Nevada, Orlando, Florida, and Chicago Illinois.

21.     Plaintiff has expended significant sums of money to promote and advertise its business under the PRIMA CAPELLI Marks from at least October 2010 until the present.

### Defendant's Activities

22.     Upon information and belief, Defendant PRIMA CAPELLI, LLC is owned and operated by DAY.

23.     DAY is a former employee of Plaintiff's, having worked for PRIMA CAPELLI in Pennsylvania for approximately two months during 2011.

24.     Two weeks of this time was unpaid vacation time due to an apparent medical issue.  Toward the end of her employment with Prima Capelli, DAY sought an extended leave of absence.  Plaintiff was working with DAY on a potential return date, but DAY never returned any phone calls and essentially disappeared.

25.     However, in the summer of 2015, Plaintiff learned that DAY had moved to Florida and was opening a hair salon using Plaintiff's identical mark, PRIMA CAPELLI, and using a confusingly similar PC Logo mark, as shown below:



26.     A comparison of Plaintiff's and Defendant's marks is shown below:



| The Infringing Marks | The PRIMA CAPELLI and PC Logo Marks |
|---|---|

27.    Defendants advertise, promote, sell and offer to sell hair salon services identical to Plaintiff's services under the PRIMA CAPELLI Marks.

28.    DAY registered the domain primacapelli.com on July 17, 2015, using the 13442 Boyette Road address in the Registrant information.

29.    Defendant has also chosen the account ID "primacapelli" for its Instagram account (https://instagram.com/primacapelli/) and "Prima Capelli Hair Salon" for its Facebook account (https://www.facebook.com/Prima-Capelli-Hair-Salon-478835955613249/).

30.    Concerning Defendant's Facebook account, the first post was made on July 17, 2015, and a September 7, 2015 post indicated that the infringing PRIMA CAPELLI salon was opening on September 8, 2015.

31.    On September 8, 2015, Defendant's Facebook post read:

PRIMA CAPELLI SALON AND PA IS a NOW OPEN For reservations!! A free gift to the first 50 guests that come in for a hair appointment this week. We welcome the clients from the former David Andrew and can't wait to meet all new. Open 10-8 tues-Thurs 9-5 Friday and 9-5 on Saturday. Will ins accepted Come see Sherry, Beth, Crystal, David, Jenni,Raul for your hair care. Katie for your nails and Anna for threading and facials 8136714111 orwww.primacapelli.com

(sic throughout)

32.    Upon learning of Defendants' infringement, Plaintiff's officer, Christopher Young, contacted DAY to demand that she cease the infringement.  Attached as Exhibit A is the September 3, 2015 letter from Mr. Young to DAY regarding the infringement, and Exhibit B is DAY's September 14, 2015 response.

33.     As invited by DAY's response, Mr. Young hired undersigned to handle this matter, and undersigned contacted Defendants' attorney on October 14, 2015. A copy of this correspondence is attached as Exhibit C.

34.     Defendants' attorney replied on October 23, 2015 seeking additional time to respond to undersigned's letter.    Attached as Exhibit D is a copy of this correspondence.

35.     Undersigned responded and allowed for additional time for DAY to respond; however, as of the date of this Complaint, neither DAY nor her attorneys have responded.

36.     Even after Defendants' attorneys corresponded with undersigned about this matter, Defendants' Facebook account continued to advertise an "Open House Grand Opening" to occur on November 12, 2015.

37.     Despite the lack of Defendants taking this matter seriously, Plaintiff has experienced actual confusion in the marketplace.

38.     In fact, prior to Defendants' "Grand Opening," Plaintiff had already received **five (5)** phone calls from customers in Florida either attempting to book appointments with Defendant's infringing salon or otherwise confusing the salons.

39.     For example, during the October 25, 2015 weekend, Plaintiff received a voicemail from Tina Gordon, who received hair salon services from the infringing PRIMA CAPELLI salon. Ms. Gordon was dissatisfied with her hair services, and she believed that she was leaving a message with Defendant. Upon realizing her error, she called Plaintiff again and apologized, indicating that she believed she was calling the

Defendant.  A transcript of these two voicemail messages is attached hereto as Exhibit E, and a copy of the audio will be provided as the case progresses.[2]

40.   In fact, one of the five calls resulted in booking an appointment since both Plaintiff's employee and the Florida customer did not realize the confusion.  After the appointment was booked, the customer called back to cancel after realizing the mistake.  This directly affects Plaintiff's profitability as cancelled appointments are not always able to be filled.

41.   Defendants are also using the PRIMA CAPELLI Marks on tangible hair products without Plaintiff's authorization, causing consumers to believe that these goods, some of which are of inferior quality, are manufactured by or otherwise associated with Plaintiff.

42.   Defendants, with full knowledge of the PRIMA CAPELLI Marks, have repeatedly refused Plaintiff's requests to stop using the PRIMA CAPELLI Marks, thereby making the use and continued use of the mark deliberate, willful and wanton, especially when considering DAY's previous employment with Plaintiff.

43.   Plaintiff has never authorized or licensed Defendants to use the PRIMA CAPELLI Marks nor any confusingly similar derivatives of them.

44.   Plaintiff has performed all conditions precedent to be performed by Plaintiff, or, the conditions have occurred.

---

[2] Undersigned also provided the audio file to Defendants' attorney on October 26 when authorizing more time for DAY to respond to undersigned's letter.  However, as stated above, neither DAY nor her attorney responded.

45.     Plaintiff has been forced to retain the undersigned law firm for representation in this action.

## COUNT I

### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a))

### (Against PRIMA CAPELLI, LLC)

46.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 45 above, as if fully set forth herein.

47.     Plaintiff has used the PRIMA CAPELLI Marks in interstate commerce to advertise, promote, and distinctly identify its hair salon services since at least as early as 2010.

48.     After working for Plaintiff, Defendants adopted the PRIMA CAPELLI Marks to promote the hair salon services being offered by Defendant PRIMA CAPELLI, LLC.

49.     Plaintiff's use of the PRIMA CAPELLI Marks in interstate commerce pre-dates Defendant PRIMA CAPELLI LLC's adoption and use of the infringing PRIMA CAPELLI marks.

50.     Defendant PRIMA CAPELLI LLC's unauthorized use of the PRIMA CAPELLI Marks is likely to cause, and already has caused, confusion, mistake, and deception of customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendant's goods and services.  Such confusion has already occurred and is continuing to occur.

51.   Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

52.   Once Defendant's infringing conduct was brought to its attention, Defendants refused to stop using the infringing PRIMA CAPELLI marks and made a deliberate decision to continuing using the marks to advertise, promote, offer for sale, and sell its services.

53.   Defendant's use and continued use of the infringing PRIMA CAPELLI Marks is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

## COUNT II

### VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, UNDER 15 U.S.C. §§ 1125(d)

### (Against DAY and PRIMA CAPELLI, LLC)

54.   Plaintiff realleges each and every allegation set forth in paragraphs 1 through 45 above, as if fully set forth herein.

55.   The PRIMA CAPELLI word mark was distinctive at the time that Defendant DAY registered the infringing primacapelli.com domain name on or about July 17, 2015.

56.   Defendant DAY was readily aware of the PRIMA CAPELLI Marks when Defendant registered the infringing primacapelli.com domain name based on DAY's prior relationship with Plaintiff.[3]

---

[3] The primacapelli.com domain name is registered under the name Sherry Day, with "David Andrew Hair Salon" as the organization. David Andrew Hair Salon is the preexisting salon which DAY bought and re-branded as the infringing Prima Capelli salon.

57.     The domain name registered by DAY is identical to Plaintiff's PRIMA CAPELLI word mark, and is also nearly identical to Plaintiff's primacapellisalon.com domain name, which Plaintiff used prior to Defendants' use of primacapelli.com.

58.     Defendant DAY registered the domain name with a bad faith intent to profit from Plaintiff's mark as used in the infringing domain name by confusing consumers as to the source, sponsorship, endorsement, and affiliation of Defendants' website.

59.     Defendants are using the domain name in bad faith to infringe Plaintiff's marks.

60.     Defendant DAY does not have prior rights to the PRIMA CAPELLI mark, is not using it in a noncommercial or fair use manner, and the domain name does not consist of the legal name of DAY or a name that DAY is otherwise known by.

61.     Defendant's conduct has caused irreparable and substantial harm to Plaintiff's reputation and goodwill.

62.     Defendant's willful and egregious conduct has caused Plaintiff substantial harm, entitling Plaintiff to an award of actual damages in the maximum amount required by law, or, in the alternative, an award of the maximum statutory damages in the amount of $100,000, transfer of the domain name to the Plaintiff, a preliminary and permanent injunction requiring divestiture of the domain name, attorney's fees, the costs of this suit and such further relief as this Court considers just.

## PRAYER FOR RELIEF

**WHEREFORE,** Prima Capelli Salon, Inc. requests that the Court grant the following relief:

A.    That Defendants and anyone acting or participating with Defendants be preliminarily and permanently enjoined from:

i.    using the PRIMA CAPELLI Marks and any mark that is confusingly similar thereto, to advertise, promote, offer for sale, or sell its hair salon goods and services;

ii.    otherwise infringing the PRIMA CAPELLI Marks.

B.    That Defendants be ordered to pay Plaintiff all profits Defendants realized by reason of their unlawful acts, and compensate Plaintiff for any damages sustained as provided under 15 U.S.C. §1117.

C.    That the Court award Plaintiff treble damages because of the intentional, unlawful and willful acts of Defendants as set forth in this Complaint under the provisions of 15 U.S.C. §1117(a).

D.    That this case be declared exceptional and that Defendants be ordered to pay Plaintiff the cost of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

E.    That Plaintiff shall have such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues triable.

DATED this 11th day of November, 2015.

Respectfully Submitted,

BEUSSE WOLTER SANKS
     MORA  & MAIRE, PLLC
390 N. Orange Avenue, Suite 2500
Orlando, FL  32801
Telephone:    (407) 926-7700
Facsimile:    (407) 926-7720
Email: rwolter@iplawfl.com
Email: kwimberly@iplawfl.com

Robert L. Wolter
Florida Bar No. 0906344
Kevin W. Wimberly
Florida Bar. No. 0057977

# EXHIBIT "A"



PRIMA CAPELLI

— SALON —

September 3, 2015

Ms. Sherry Laurenza-Day

11684 Boyette Road

Riverview, FL 33569

Ref.: Trademark— Prima Capelli Salon

Dear Ms. Laurenza-Day,

It has come to our attention that you are using not only the mark "Prima Capelli" but also a very similar design of the mark "Prima Capelli" in connection with the service Hair Salon.

As you are a former employee of Prima Capelli Salon in Butler, PA, you are well aware that this design mark has been used by us since 2010 and therefore, your use of the design mark "Prima Capelli" is a violation of our trademark.

Thus, we request that you will cease the use of the design mark "Prima Capelli" for the service Hair Salon. If you do not cease and desist, our law firm will be contacting you shortly.

Sincerely,

Christopher A. Young

President

Prima Capelli Salon INC.

# EXHIBIT "B"

September 14, 2015

Prima Capelli,LLC

dba Prima Capelli Hair Salon

11681 Boyette Road

Riverview, Fl 33569

REF:   Prima Capelli Salon Cease and Desist Letter

Dear Mr Young:

I received your letter today in referencing the violation of your alleged trademark. I appreciate your concern, as i also was worried about any conflict with the name when I purchased this salon her in Riverview.

I consulted an attorney prior to incorporating and after a lengthy conversation and research from her, she advised me that in fact there is no conflict of interest or no violation as the name is not the same.  My business is Prima Capelli,LLC dba Prima Capelli Hair Salon. As far as the logo, it was designed by my private label graphic art team. I assure you that it is not like yours. I would be happy to forward you any information to verify this.

I was also told my my attorney that you are in the state of Pennsylvania and I am in Florida so there is nothing to be of concern. I assure you that I have no intentions of trying to infringe your business. I merely am running a salon down here in a right to work state where any non-competes are non enforceable. I would be happy to speak to you about this matter if you should choose to reach me 813.712.9494  or you can reach my attorney Judy Lambert PLLC 813.662.7429.

Best Regards,

Sherry Laurenza Day

1

EXHIBIT "C"

# BEUSSE WOLTER SANKS & MAIRE, PLLC

JAMES H. BEUSSE
JACKSON O. BROWNLEE
AMBER N. DAVIS
JOHN L. DEANGELIS
DAVID G. MAIRE
CHRISTINE Q. MCLEOD
FRED M. ROMANO
TERRY M. SANKS
TIMOTHY H. VAN DYKE
ROBERT L. WOLTER

390 N. ORANGE AVENUE, SUITE 2500
ORLANDO, FLORIDA 32801
TELEPHONE (407) 926-7700
FACSIMILE (407) 926-7720
WWW.IPLAWFL.COM

WRITER'S DIRECT
DIAL/EMAIL
(407) 926-7713
KWIMBERLY@IPLAWFL.COM

ASSOCIATES/PATENT AGENTS
ERICA M. CIPPARONE
PATRICK D. HERRON
SHANTI M. HILL
CIAN G. O'BRIEN
KEVIN W. WIMBERLY
LISA D. VELEZ*

*REGISTERED PATENT AGENT

October 14, 2015

**VIA U.S. MAIL AND EMAIL**
judy@judithslambert.com

Judith S. Lambert, Esq.
617 West Lumsden Road
Brandon, FL 33511

> **Re:**   *Prima Capelli, LLC and Sherry Laurenza Day – Trademark Infringement*

Dear Ms. Lambert:

This law firm serves as counsel to Prima Capelli Salon, Inc. ("Prima Capelli") with respect to certain intellectual property matters. Prima Capelli has been using the PRIMA CAPELLI mark and the "PC" logo mark shown below for over five (5) years for its salon business. As you may be aware, your client, Ms. Sherry Laurenza Day ("Day"), has appropriated Prima Cappelli's distinctive trademarks and logo for her own hair salon after having been briefly employed at my client's salon. Attached as Exhibit "A" to this letter is correspondence exchanged between Prima Capelli and Ms. Day regarding this matter. Given Ms. Day's invitation to contact you, I have addressed this letter to you with the understanding that you represented and advised Ms. Day with regard to this intellectual property dispute.

In addition to using the PRIMA CAPELLI mark and "PC" logo since 2010, our client also owns the domain name primacapellisalon.com, where it has operated a website under the PRIMA CAPELLI and "PC" logo marks since 2010. Our client has spent many years and a great amount of resources developing and maintaining its web presence, its PRIMA CAPELLI and PC logo trademarks, and its corporate image, and has become widely known and respected within the salon industry under the PRIMA CAPELLI and "PC" logo Marks, a fact known to your client based on her employment and her desire to continue trading on the PRIMA CAPELLI brand.

Judith S. Lambert, Esq.
October 14, 2015
Page 2 of 4

It is unfortunate that Ms. Day has decided to take a shortcut to starting her own salon by misappropriating Prima Capelli's intellectual property and boldly stealing Prima Capelli's identity. Ms. Day worked for Prima Capelli for approximately two months in 2011.[1] Toward the end of her employment with Prima Capelli, Ms. Day sought an extended leave of absence. My client was working with Ms. Day on a potential return date, but Ms. Day never returned any phone calls and essentially disappeared. Lo and behold, she turned up in Florida, and has stolen the PRIMA CAPELLI name while choosing a nearly identical "PC" logo to re-brand the existing David Andrew Hair Salon. To be perfectly candid with you, my client was stunned upon discovering the brazen nature of your client's conduct.



| The Infringing Marks | The PRIMA CAPELLI and "PC" Logo Marks |

In addition to your client using the identical PRIMA CAPELLI trademark and confusingly similar "PC" logo, your client has also registered the domain name primacapelli.com (the "Infringing Domain"), which is a clear violation of the Uniform Domain-Name Dispute Resolution Policy ("UDRP") given the history between the parties. At the time Ms. Day registered the domain, she was obviously on notice that Prima Capelli was using and had senior rights to PRIMA CAPELLI as a trademark and that she had no legitimate rights to the domain. Her conduct is classic bad faith under the UDRP, and should this matter not be swiftly resolved, Prima Capelli may choose to initiate a UDRP proceeding in addition to, or in conjunction with, the planned trademark infringement and unfair competition lawsuit. Ms. Day has also created a Facebook account using the infringing name and logo: https://www.facebook.com/Prima-Capelli-Hair-Salon-478835955613249/timeline/. Further, your client has recently created an Instagram account using the account name "primacapelli" while also using "primacapelli" as a hashtag despite Prima Capelli using the Instagram account "primacapellisalon" and tagging pictures with the "primacapelli" hashtag for over two years. Ms. Day's use of our client's trademark on these social media platforms is further evidence of infringement, and the

---

[1] Two weeks of this time was unpaid vacation time due to an apparent medical issue.

Judith S. Lambert, Esq.
October 14, 2015
Page 3 of 4

intermingling of your client's and Prima Capelli's images based on your client's improper use of the PRIMA CAPELLI trademark has created confusion in the marketplace.

We note that in Ms. Day's September 14, 2015 response to our client's demand letter, Ms. Day stated that you performed research and had a "lengthy conversation" with Ms. Day about this matter. Ms. Day stated that you advised her that the name is not the same because Ms. Day's full corporate entity is "Prima Capelli, LLC dba Prima Capelli Hair Salon." I am sure you are aware that a business entity name is not necessarily the same as such entity's trademark, and, a business entity may own and use trademarks that are not identical to its corporate name. As the graphics above clearly demonstrate, it is unquestionable that Ms. Day chose her logo to look virtually identical to the Prima Capelli "PC" logo and that she is clearly using PRIMA CAPELLI as a trademark, just as my client has done since 2010. There is perhaps no better example of willful trademark infringement than this case.

Further addressing Ms. Day's September 14 letter, we note that Ms. Day was erroneously advised that since my client is located in Pennsylvania and Ms. Day's business is in Florida "there is nothing to be of concern." This is simply not true, and there is great concern. Prima Capelli enjoys "snow bird" clientele who spend the winters in Florida and return to the Northeast during the rest of the year. As you may be aware, the purpose of trademark law is to prevent consumer confusion from occurring. One of the surest ways to prove trademark infringement is to show that consumer confusion has already occurred. Sadly, there are already instances of consumer confusion based on Ms. Day's infringement. Prima Capelli has been asked by local clientele if Prima Capelli has teamed up with Ms. Day for a salon in Florida, and Prima Capelli even received a call from a potential Florida client seeking to book an appointment – in Florida. By virtue of this actual confusion and Ms. Day's history with Prima Capelli, Ms. Day is headed toward an expensive uphill climb should she insist on continuing to use my client's brand.

Her use of PRIMA CAPELLI and the "PC" logo has caused and will continue to cause confusion, mistake or deception as to source or origin of her goods and/or services in that consumers are likely to believe, and already have believed, that the goods and services offered by Ms. Day are provided, sponsored, approved, licensed by, or affiliated with Prima Capelli, all to our client's irreparable harm and in violation of the Lanham Act at 15 U.S.C. §1052 et seq and in violation of Florida law, including but not limited to the Florida Deceptive and Unfair Trade Practices Act.

It is also our position that Ms. Day's conduct described above, including her registration and use of the Infringing Domain in connection with the website located at the same URL was, and continues to be, an act of cybersquatting under federal law and in violation of additional policies set forth by the Internet Corporation for Assigned Names and Numbers ("ICANN") as incorporated into Ms. Day's domain name registration agreement, including the UDRP. Remedies for such cybersquatting may include an injunction, transfer of the domain name, disgorgement of profits generated from the infringement, court costs, and attorneys' fees. Of course, should Prima Capelli decide to bring a claim under the Anti-Cybersquatting Consumer

Judith S. Lambert, Esq.
October 14, 2015
Page 4 of 4

_____

Protection Act rather than the UDRP, then the potential statutory award is $100,000 per domain name. *See* 15 U.S.C. §§ 1125(d) and 1116.

In light of the above, Prima Capelli demands that Ms. Day and Prima Capelli, LLC immediately cease and desist from continuing the use of the PRIMA CAPELLI and "PC" logo marks in commerce, including use in the Infringing Domain, all social media accounts, and any other use of the infringing marks not known to us.

As a show of good faith regarding her intent to abide by the above demands, we request that Ms. Day immediately cease using the Infringing Domain and that she start the process of transferring the Infringing Domain to our client by unlocking the domain and sending the EPP Authorization Codes to my e-mail address: kwimberly@iplawfl.com. Further, she may evidence her intent to abide by these demands by immediately renaming or otherwise shutting down the infringing Prima Capelli Hair Salon Facebook and Instagram accounts referenced above.

As long as Ms. Day continues to use the PRIMA CAPELLI brand, this matter will not go away. Of all of the names available to her to start her business, she rode my client's coattails and lazily decided to just steal my client's brand after having worked with my client for two months. That is not how to start a business in good faith. This is an egregious act of infringement, and I strongly suggest that you explain to Ms. Day how willful infringement increases her exposure to damages, including but not limited to exposing Ms. Day to Prima Capelli's attorneys fees based on this being an exceptional case. *See* 15 U.S.C. § 1117.

We request that you provide your client's assurances no later than ten (10) days from the date of this letter that she will comply with our demands listed above. Despite desiring to negotiate this matter with you without the need for costly litigation, if you fail to advise us by this date, our client may, without further notice to Ms. Day or you, take such action as it deems advisable to assert its statutory and common law rights to obtain an injunction, recover damages, profits and the costs thereof, including attorneys' fees, and to otherwise protect its interests.

Sincerely,

Kevin W. Wimberly

KWW/
Enclosures: Exhibit A
cc: Client

EXHIBIT "D"

# LAMBERT LAW OFFICES, PL
### ATTORNEYS AT LAW

Judith S. Lambert, JD, LLM*
*Member of the state bars of FL, AL, TX, & CA, Master of Laws in Taxation*
Eric Smith, JD**
**Member of the state bar of FL*

Lumsden Executive Park
617 W. Lumsden Road
Brandon, Florida 33511
(813) 662-7429
(813) 685-6575 Fax

October 23, 2015

Kevin W. Wimberly
Beusse Wolter Sanks & Maire, PLLC
390 N. Orange Avenue, Suite 2500
Orlando, Florida 32801

**VIA U.S. MAIL AND EMAIL**
kwimberly@iplawfl.com

Re:   Claims of Prima Capelli Salon, Inc. – Trademark Infringement

Dear Mr. Wimberly:

This law firm acknowledges receipt of your letter dated October 14, 2015 and submitted on behalf of your client, Prima Capelli Salon, Inc.  As to your claims stated thereto, and specifically regarding the alleged infringement of statutory and common law rights in PRIMA CAPPELLI, Ms. Sherry Laurenza Day's employment history, and violations of the Florida Deceptive and Unfair Practices Act, Uniform Domain-Name Dispute Resolution Policy ("UDRP") and the Anti-Cybersquatting Consumer Protection Act ("ACPA") under 15 U.S.C. § 1125(d), our law office requires additional time to address these matters with Ms. Day in order to appropriately address your stated concerns.  We respectfully request, that you allow our office ten (10) days from the date of this letter review your concerns with Ms. Day and to gather additional documentation relevant to those matters addressed in your letter.  In the interim, our office requests that you provide further documentation, correspondence, records, or other information regarding the basis of your aforementioned claims that you readily available.

As stated in your letter, we share your desire to negotiate this matter with you without need for costly litigation.  As a courtesy and to expedite this process, any additional documents information to appropriately respond to the claims addressed in your letter may be submitted our office through email at ericw@judithslambert.com.

Sincerely,

Eric W. Smith, Esquire

# EXHIBIT "E"

Transcript of Voicemail Messages

Monday, 5:06 p.m.

Yes, my name is Tina Gordon. I need to speak to whoever is in charge there please. I came in Saturday and had my hair done. I am very unhappy with it. I was supposed to get highlights, platinum, I don't think he used bleach; all my roots are still brown. I paid $200, I paid $300 the first time and $200 this time. I still have brown all along my roots and, um, then the pretty pieces that I had last time, the blonde streaks that I had underneath – they are gone now, they're all toned down. So I am just very unhappy. If you want to give me a call at (813) 817-XXXX[1] [unintelligible] I just want to let you know. Bye.


Monday, 5:10 p.m.

This is Tina Gordon again. I am very sorry I got the wrong number, I am in Florida and there is a salon with the same name here, so I apologize. Have a good day.

---

[1] Redacted due to personally identifiable material.